36478. HOLLINSHED *v.* SHADRICK *et al.*

DECIDED FEBRUARY 6, 1957.

*Dewey Smith,* for plaintiff in error.

FELTON, C. J. This case was transferred to this court by the Supreme Court. *Hollinshed* v. *Shadrick,* 212 *Ga.* 624 (94 S. E. 2d 705). In the judgment transferring this case to this court, the Supreme Court ruled that no case in equity was made by the petition and that since the petition contained allegations appropriate only to the prayer for damages, it did not assume the character of an equitable action by virtue of the prayer for injunctive relief. We shall, therefore, confine our discussion to the legal questions involved.

The defendant in this case is charged with illegally executing a search warrant which he himself illegally procured. The petition set forth a cause of action both for trespass under Code § 27-301 and for malicious prosecution under Code § 105-801 and as there was no objection to the petition by demurrer that it included both actions, the petition is not subject to dismissal for this reason. The defendant contends that no cause of action is set forth for trespass for the reason that there was no *breaking.*

Code § 27-301 is simply an attempted codification of the common law and the statement in this Code section that the breaking *and* search is a trespass does not mean that an illegal breaking *and* an illegal search are both required to constitute a trespass. Either an illegal breaking alone or an illegal search alone is enough to constitute a trespass. Code (Ann.) § 2-116, being the constitutional provision under reasonable searches and seizures, is also but an expression of common-law rights. *Underwood* v. *State,* 13 *Ga. App.* 206, 208 (78 S. E. 1103). The defendant also contends that the petition does not set forth a cause of action for malicious prosecution for the reason that the petition does not allege that the proceeding against the plaintiffs has not been finally terminated in their favor. Where a search warrant has been issued, the failure to find the illegal articles named in the warrant is satisfaction of the requirements that the action must be terminated favorably to the plaintiffs. 47 Am. Jur. 546, § 69, Searches and Seizures. Furthermore, the allegation that the proceeding had been abandoned by the defendant is a proper allegation of a successful termination thereof in favor of the plaintiffs. Id.

The foregoing answers all of the contentions of the defendant in the trial court on the questions raised by the general demurrer. The special demurrer to paragraph 5-A of the plaintiffs' amended petition is without merit because part of the cause of action is based on the illegal searching of the residences of other guests at the motel of the plaintiffs in the case, and the allegations are relevant and material to the cause of action as a whole.

The court did not err in overruling the general demurrer to the petition as amended or in overruling the special demurrer to paragraph 5-A of the petition as amended.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*